UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAMEKIA PAIGE** | § | **Docket No.** |
| | § | |
| **Versus** | § | **Judge** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| | § | **Magistrate Judge** |
| | § | |

## COMPLAINT FOR DAMAGES

NOW COMES Tamekia Paige, Plaintiff, who, through undersigned counsel, respectfully represents that:

### PARTIES

1. Made Plaintiff herein is Tamekia Paige, (hereinafter sometimes referred to as "Plaintiff"), person of the full age of majority and domiciled in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana.

2. Made Defendant herein is Allstate Insurance Company, (hereinafter sometimes referred to as "Defendant"), incorporated under the laws of Illinois, with a principal place of business at 2775 Sanders Rd., Northbrook, IL 60062. Defendant is authorized to do business and issue policies in the state of Louisiana. Defendant may be served with process through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

6. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

7. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

**FACTUAL BACKGROUND**

8. Plaintiff contracted with Defendant to insure the property located at 6455 Brownfields Drive, Baton Rouge, LA 70811 (hereinafter collectively referred to as the "insured premise").

9. The insured premise is the location of Plaintiff's personal residence.

10. The insured premise is covered under a policy issued by Defendant (hereinafter referred to as "the policy"). Defendant assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

11. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

12. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

13. On August 29, 2021, while the policy was in full force and effect, Hurricane Ida made landfall over Southeast Louisiana.

14. Hurricane Ida was a major category four hurricane.

15. Hurricane Ida produced winds of 150 mph.

16. As a result of Hurricane Ida, the insured premises sustained damages.

17. Devastating winds and wind-driven rain lasted for several hours as the hurricane passed over Southeast Louisiana.

18. As a result of Hurricane Ida, the Plaintiff's property suffered extensive damage. The property sustained significant damage to its structure.

19. Plaintiff provided timely and proper notice to Defendant of the claim.

20. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

21. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane damage to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, additional living expenses and or loss of use expenses, and personal property.

22. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

23. Defendant was given full access to inspect the insured premises. Defendant has had ample opportunity to view the extensive damage to the property.

24. Louisiana law provides claims handling timelines which are strictly construed.

25. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

26. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

27. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

28. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

29. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

30. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. In compliance with their duties, Plaintiff cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

32. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

33. Plaintiff had to retain undersigned counsel to handle communications with Defendant in an attempt to bring this claim to a conclusion.

34. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

35. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff has continued to work with Defendant and their consultants to ensure compliance with their duties under the Policy. This cooperation in no way waives Defendant's duties under the law.

36. Plaintiff is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from Hurricane Ida.

## BREACH OF CONTRACT

37. Despite more than sufficient proof of loss, Defendant failed to timely and adequately tender payment of insurance proceeds as required under the Policy.

38. At all relevant times, Defendant provided insurance coverage for the matters, risks, and damages involved herein. The Policy contained a hurricane and/or windstorm endorsement that provided coverage for all of the damages sustained at the Property to which Plaintiff is entitled, including but not limited to dwelling coverage, contents coverage, loss of use coverage, recoverable depreciation, as well as all repair/replacement costs, and all other damages which will be disclosed through discovery and proven at trial.

39. Defendant's failure to timely provide adequate payment for clearly covered losses is in breach of and in violation of the Policy. Coverage under the Policy remains available and is due to Plaintiff.

## STATUTORY DAMAGES, PENALTIES, ATTORNEY'S FEES, AND COSTS

40. Defendant's conduct and failure to timely pay insurance proceeds due under its Policy is in clear violation of La. R.S. 22:1892 and La. R.S. 22:1973. Plaintiff, therefore, seeks the recovery of damages, attorney's fees, penalties, and costs under these statutes.

41. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;

   b. Inability to make appropriate repairs due to inadequate insurance payments;

   c. Diminution in value of property;

   d. Actual damages related to the increased cost of repairs;

   e. Mental anguish;

 f. Attorney's fees and penalties; and

 g. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY TRIAL

42. Plaintiff prays for and is entitled to a trial by jury, with a bond to be set at a later date.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tamekia Paige, prays that the Defendant, Allstate Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the same and that there be judgment rendered in favor of Plaintiff and against Defendant in an amount that will fully compensate Plaintiff for all damages; and for prejudgment interest from the date of Plaintiff's filing of the lawsuit, for post-judgment interest on the judgment at the rate allowed by law, for all costs of these proceedings, for attorney's fees, penalties, and costs, and for all further relief, both in law and in equity, to which Plaintiff may show to be justly entitled.

Respectfully Submitted,

*/s/ Mark Ladd*_____
Mark Ladd
Louisiana Bar Number: 30847
mark@galindolaw.com

Chinwe Onyenekwu
Louisiana Bar Number: 34013
chewa@galindolaw.com

Harry E. Cantrell, Jr.
Louisiana Bar Number: 03852
OF Counsel

Galindo Law Firm
3850 North Caseway Blvd. Ste. 1520
Metairie, Louisiana 70002
Ph. 713-228-3030
Fax 713-228-3003
Email: hurricane@galindolaw.com
**ATTORNEYS FOR PLAINTIFF`**

**PLEASE SERVE:**
Allstate Insurance Company
Through its agent for service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809